**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 15-10338-FDS** |
| | ) | |
| **RAFAEL LEONER-AGUIRRE,** | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION**
**TO EXCLUDE EVIDENCE AND REDACT INDICTMENT**

The United States of America hereby opposes the motion filed by defendant, Rafael

Leoner-Aguirre, to exclude evidence regarding April 16, 2014, and to redact indictment.  The

defendant's claims can be summarized as he contends that the Double Jeopardy clause and the

doctrine of collateral estoppel preclude the use this incident in the federal RICO conspiracy trial.

Both claims are meritless and for substantially the same reasons: the fifty states and the Federal

Government are separate sovereigns.

1. **Dual Sovereignty**

The defendant was tried and found guilty in 2015 of charges related to the incident in

Massachusetts state court.  He now contends that the evidence from that case cannot be used in

the RICO conspiracy case pending against Leoner-Aguirre in federal court.  Flatly stated, a

legion of cases provide to the contrary.

It is axiomatic that the individual states are separate sovereigns from the federal

government in the double jeopardy context.  Pursuant to the Dual Sovereignty Doctrine, neither

double jeopardy nor collateral estoppel principles are violated by successive prosecutions or

cumulative punishment for a RICO offense and state offenses that are charged as predicate

1

racketeering acts underlying the RICO offense even if they arose from the same conduct and had the same elements.  In that regard, the Supreme Court has consistently held that the Double Jeopardy Clause does not bar successive federal and state prosecutions for offenses arising from the same acts.  See United States v. Wheeler, 435 U.S. 313 (1978), superseded by statute on other grounds by, Act of Oct. 28, 1991, 105 Stat. 646, as recognized by, United States v. Lara, 541 U.S. 193 (2004);  Abbate v. United States, 359 U.S. 187 (1959);  Bartkus v. Illinois, 359 U.S. 121 (1959); United States v. Lanza, 260 U.S. 377 (1922).  The rationale underlying this rule lies in the concept of "dual sovereignty," which the Supreme Court has summarized as follows:

> We have here two sovereignties, deriving power from different sources, capable of dealing with the same subject matter within the same territory. . . . Each government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other. It follows that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each . . . . Here the same act was an offense against the State of Washington, because a violation of its law, and also an offense against the United States under the National Prohibition Act. The defendants thus committed two different offenses by the same act, and a conviction by a court of Washington of the offense against that state is not a conviction of the different offense against the United States, and so is not double jeopardy.

Lanza, 260 U.S. at 382.

The Supreme Court also has explicitly held that the Dual Sovereignty Doctrine is not defeated even where there is substantial cooperation between the two sovereignties involved.  See Wheeler, 435 U.S. at 319-320; Bartkus, 359 U.S. at 122-123.  Indeed, the Supreme Court has noted that cooperation between the state and federal government "is the conventional practice between [state and federal] prosecutors throughout the country," and was perfectly proper.  Bartkus, 359 U.S. at 123.

2

The test to determine whether two entities are separate sovereigns is where "the ultimate source of the power under which the respective prosecutions were undertaken," originates from. United States v. Wheeler, 435 U.S. 313, 320 (1978); see also Heath v. Alabama, 474 U.S. 82 (1985); Abbate v. United States, 359 U.S. 187 (1959);  Bartkus v. Illinois, 359 U.S. 121 (1959).

The Supreme Court in Puerto Rico v. Sanchez Valle, 136 S. Ct. 1863, 1871 (2016) recently restated this bedrock principle.  In Puerto Rico v. Sanchez Valle, the court held that "the inquiry is thus historical, not functional—looking at the deepest wellsprings, not the current exercise, of prosecutorial authority… Under that approach, the States are separate sovereigns from the Federal Government (and from one another).  Id. at 1871.  Further, the court explained, "the States' powers to undertake criminal prosecutions, we have explained, do not derive[ ] ... from the Federal Government. Instead, the States rely on authority originally belonging to them before admission to the Union and preserved to them by the Tenth Amendment."  Id.

The defendant relies on concurring opinions in Sanchez Valle and Ashe v. Swenson, 397 U.S. 436 (1970), as well as a dissent in Abbate in support of his uphill battle that the doctrine of dual sovereignty is in question.  The doctrine clearly is not.[1]

In accordance with this clear precedent, every court of appeals that has decided the issue has held that under the Dual Sovereignty Doctrine, double jeopardy and collateral estoppel principles are not violated by charging state offenses on which the defendant previously had been acquitted or convicted in state prosecutions as RICO predicate racketeering acts.  See, e.g., United States v. Mahdi, 598 F.3d 883, 890 (D.C. Cir. 2010); United States v. Burden, 600 F.3d

---

[1]    Courts in the First Circuit have supported this principle, finding, for example, "at bottom, Sanchez Valle addressed the relationship between Puerto Rico and the United States." United States v. Montijo-Maisonet, 2017 WL 2392503, at *3 (D.P.R. June 2, 2017) (holding that the decision in Sanchez-Valle did not upset the interpretation of 18 U.S.C. § 2423(a) under First Circuit law).

204, 228-29 (2d Cir. 2010); United States v. Giovanelli, 945 F.2d 479, 491-93 (2d Cir. 1991);

United States v. Coonan, 938 F.2d 1553, 1562-63 (2d Cir. 1991); United States v. Farmer, 924

F.2d 647, 649-50 (7th Cir. 1991); United States v. Pungitore, 910 F.2d 1084, 1105-07 ( 3d Cir.

1990); United States v. Paone, 782 F.2d 386, 396 (2d Cir. 1986); United States v. Licavoli, 725

F.2d 1040, 1047 (6th Cir. 1984); United States v. Russotti, 717 F.2d 27, 30-32 (2d Cir. 1983);

United States v. Aleman, 609 F.2d 298, 309 (7th Cir. 1979), cert. denied, 445 U.S. 946 (1980),

superseded by statute on other grounds as recognized by, Jake v. Herschberger, 173 F.3d 1059

(7th Cir. 1999); United States v. Solano, 605 F.2d 1141, 1142-43 (9th Cir. 1979); United States

v. Malatesta, 583 F.2d 748, 757-78 (5th Cir. 1978), on reh'g, 590 F.2d 1379 (5th Cir. 1979);

United States v. Frumento, 563 F.2d 1083, 1086-89 (3d Cir. 1977); United States v. Castro, 659

F. Supp. 2d 415, 418-19 (E.D.N.Y. 2009), aff'd 411 Fed. Appx. 415 (2d Cir. 2011).

The defendant's lofty goal of toppling the dual sovereignty doctrine simply fails.

## 2. Collateral Estoppel is Inapplicable

Secondly, collateral estoppel is inapplicable in cases tried in separate forums under

separate sovereigns.  The defendant alleges that the Massachusetts jury verdict, convicting

Leoner-Aguirre of certain charges, and acquitting him of others, should be given "collateral

estoppel effect."  Two separate forums under two separate sovereigns and so collateral estoppel

or issue preclusion has no application in this case.  United States v. Marino, clearly explains that

state law crimes are sufficient RICO predicates:  "Under RICO, a 'racketeering act' may be a

predicate act which is chargeable under either certain enumerated federal statutes or under state

law…" 277 F.3d 11, 29-31 (1st Cir. 2002).  The defendant challenged the applicability of the

Massachusetts state law to the facts of his case and challenged the instructions given regarding a

theory of liability for aiding and abetting a conspiracy.   The court found this argument

unpersuasive:

> On its face the Massachusetts aiding and abetting statute applies to all crimes, and
> there is nothing in Massachusetts law that counsels against the application of the
> statute to the crime of conspiracy to murder, where there is evidence that the
> defendant knew of the conspiracy. We cannot say that the jury instruction on
> aiding and abetting a state law conspiracy in this case was erroneous.

Id. at 31.  See also Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985).[2]

In United States v. Coonan, the Second Circuit addressed a defendant's challenge to the

inclusion of a murder that was previously charged, tried and acquitted in state court as a RICO

predicate and found the challenge without merit.  938 F.2d 1553 (2d Cir. 1991).  Finding that the

double jeopardy doctrine and the dual sovereignty doctrine were both well-settled law, the court

held "consequently, the fact that Kelly was acquitted in state court of Holly's murder did not

preclude the federal authorities from charging that very same offense as a predicate act in the

subsequent RICO action."  Id. at 1563.

The key criterion "[is] not the extent of control exercised by one prosecuting authority

over the other but rather the ultimate source of the power under which the respective

prosecutions were undertaken. We hold that relevant conduct in a RICO case includes all

conduct reasonably foreseeable to the particular defendant in furtherance of the RICO enterprise

to which he belongs."  United States v. Carrozza, 4 F.3d 70, 74 (1st Cir. 1993); see also United

States v. Hurley, 374 F.3d 38, 39 (1st Cir. 2004).

---

[2]    Indeed, the use of state law offenses as predicate offenses for a RICO conspiracy is such settled authority
that First Circuit cases in which state offenses are utilized address only unrelated issues.  See, e.g., United States v.
Nascimento, 491 F.3d 25, 31 (1st Cir. 2007); United States v. Brandao, 539 F.3d 44, 53 (1st Cir. 2008); United
States v. Ramirez-Rivera, 800 F.3d 1, 20 (1st Cir. 2015).

In light of establish precedent, collateral estoppel has no application in the present

prosecution.

Based on the foregoing, the United States respectfully requests that this court deny Rafael

Leoner-Aguirre's Motion to Exclude Evidence and Redact Indictment.

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney

By:    Glenn A. MacKinlay
       GLENN A. MACKINLAY
       KUNAL PASRICHA
       Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

The government hereby certifies that the foregoing was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

By:    s/ Glenn A. MacKinlay
GLENN A. MACKINLAY
Assistant U.S. Attorney