**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**22. RAFAEL LEONER AGUIRRE**<br>   **a/k/a "TREMENDO,"**<br><br>**Defendant.** | **Criminal No. 15-10338-FDS** |

**GOVERNMENT'S OMNIBUS OPPOSITION TO**
**LEONER-AGUIRRE'S MOTIONS TO EXCLUDE POST-APRIL 16, 2014 ACTS**

The United States of America opposes the two motions in limine filed last evening by defendant Rafael Leoner-Aguirre a/k/a "Tremendo," one seeking to exclude all mention of the murder of Katerin Gomez (Dkt. No. 1495), and the other seeking to exclude all evidence of all criminal conduct after April 16, 2014 (Dkt. No. 1496).  On the eve of trial, defendant appears to be advancing a new theory of defense that has no basis in law or fact.  Defendant's motions ignore that he is charged in a RICO conspiracy count.  Defendant's motions should be DENIED, and the government respectfully asks that the Court hear arguments on these motions, if required, at the status conference this morning.

**ARGUMENT**

1. **The Court Should DENY Leoner-Aguirre's Motion to Exclude**
   **All Evidence Regarding Murder of Katerin Gomez (Dkt. No. 1495)**

The defendant's first motion seeks to exclude all evidence regarding the murder of Katerin Gomez.  Citing no authority and containing no discussion about

the elements of RICO conspiracy or why this Court should exclude evidence of a racketeering act committed by co-conspirators, the defendant argues as follows:

> Leoner-Aguirre was arrested on April 16, 2014 for a shooting and he has been incarcerated since.  Katerin Gomez was killed on October 18, 2014. The Fifth Superseding Indictment does not allege Leoner-Aguirre's involvement in the alleged murder, or in doing anything to further the alleged murder.

Dkt. No. 1495 at p. 1.

Leoner-Aguirre is the alleged leader of the Enfermos Criminales Salvatrucha clique of MS-13.  In multiple pre-trial filings and at multiple status conferences, the government has made clear its intent to present evidence regarding the murder of Katerin Gomez by two members of the Enfermos (Hector Ramires and Bryan Galicia Barillas).  On the eve of trial, Leoner-Aguirre now argues that because he was incarcerated on the day of the murder, all evidence relating to the murder should be excluded against him.  There is no legal basis for such an argument.

Defendant ignores that he is charged in a RICO conspiracy and can be convicted based simply on the racketeering acts of co-conspirators.  Indeed, given that there is no requirement to prove overt acts, he can be convicted based on an agreement that co-conspirators would commit racketeering acts (whether or not anyone actually did anything).  *See, e.g.*, *Salinas v. United States*, 522 U.S. 52, 63 (1997) ("There is no requirement of some overt act or specific act in the statute," and accordingly, "the RICO conspiracy provision … is even more comprehensive than the general conspiracy offense in [18 U.S.C.] § 371."  Further, "It is elementary that a conspiracy may exist and be punished whether or not the substantive crime

ensues, for the conspiracy is a distinct evil, dangerous to the public, and so punishable in itself."); *see also Laverty v. Massad*, No. 08-40126-FDS, 2009 WL 1873646, at *6 (D. Mass. Mar. 10, 2009) (Saylor, J.) (holding that there is "no[ ] need to allege that each conspirator agreed to commit (or actually committed) two or more predicate acts," "no overt act is required," and "a defendant may be part of a RICO conspiracy even if he has not committed a substantive RICO violation").

The defendant's entire argument is that "The Fifth Superseding Indictment does not allege Leoner-Aguirre's involvement in the alleged murder, or in doing anything to further the alleged murder." Motion at p. 1.  That argument misses the mark.  There is no requirement to allege—let alone prove—that Leoner-Aguirre committed the murder (or any other racketeering act).  Leoner-Aguirre is not charged in a substantive RICO count—he is charged with RICO conspiracy.  Acts committed by co-conspirators are relevant in a RICO conspiracy case because those acts alone may convince a jury that there was an agreement that co-conspirator(s)—not necessarily the defendant—would commit two or more racketeering acts.

Defendant has cited no authority and the government is aware of no authority holding that acts committed in furtherance of a conspiracy by co-conspirators are inadmissible in a RICO conspiracy trial.  Whether it is the murder of Katerin Gomez or any other racketeering act committed by a co-conspirator in this case, evidence of such acts is probative on the elements of a RICO conspiracy. For the reasons above, and the additional reasons summarized below, Defendant's motion regarding the Gomez murder should be DENIED.

## 2. The Court Should DENY Leoner-Aguirre's Motion to Exclude All Evidence Regarding Post-April 16, 2014 Conduct (Dkt. No. 1496)

Defendant's second motion goes even further than the first, this time arguing that the "government be excluded from presenting evidence of any criminal conduct allegedly occurring after April 16, 2014." Dkt. No. 1496 at p. 1. Again with no legal basis, and failing to discuss why evidence of racketeering activity by co-conspirators is irrelevant, the defendant argues in a conclusory fashion:

> Leoner-Aguirre was arrested on April 16, 2014 for a shooting and has been incarcerated since. The only criminal conduct occurring after 4/16/14 that the Fifth Superseding Indictment alleges that Leoner-Aguirre was involved in furthering was an alleged conspiracy to kill CW-2. The government should be excluded from offering evidence of any other alleged criminal conduct occurring after 4/16/14.

*Id.* Leoner-Aguirre has also cited no authority requiring that a defendant must further a racketeering act before that racketeering act can be used against him at trial. For the reasons above, this Court should also deny this second motion.

Further, adopting the defendant's position would require ignoring black letter principles of conspiracy law. "Since conspiracy is a continuing offense, a defendant who has joined a conspiracy continues to violate the law through every moment of the conspiracy's existence, and he becomes responsible for the acts of his co-conspirators in pursuit of their common plot." *Smith v. United States*, 568 U.S. 106, 111 (2013) (citations and quotations omitted) (citing cases going back over a century). Here, having joined the MS-13 conspiracy, Leoner-Aguirre is responsible for the acts of his co-conspirators in pursuit of their common plot (in this case, their common plot to target rival gang members and those cooperating with law

4

enforcement). There is no basis to exclude all evidence of acts by Leoner-Aguirre's co-conspirators once Leoner-Aguirre was arrested in April 2014.

In addition, to the extent that the foundational underpinning of Leoner-Aguirre's motion is that he had withdrawn from the charged RICO conspiracy by virtue of his April 16, 2014 arrest, the defendant has the burden on this issue. *See Smith*, 568 U.S. at 111 (in a case affirming a conviction for RICO conspiracy in violation of 18 U.S.C. § 1962(d), holding that the defendant had the burden to show that he had withdrawn from the charged conspiracy). In this case, the facts do not support any such affirmative defense by Leoner-Aguirre.

Importantly, "mere cessation of activity in furtherance of the conspiracy does not constitute withdrawal." *United States v. Dunn*, 758 F.2d 30, 37-38 (1st Cir. 1985) (citations omitted). "This standard [for withdrawal from a conspiracy] is 'strict' and not easily met. *United States v. Ciresi*, 697 F.3d 19, 27 (1st Cir. 2012) (citation omitted); *see also United States v. Mehanna*, 735 F.3d 32 (1st Cir. 2013) ("Avoiding contact with one's coconspirators, without more, is not in any way, shape, or form tantamount to abandoning the conspiracy.").

"In order to withdraw, a conspirator must act affirmatively either to defeat or disavow the purposes of the conspiracy." *United States v. Juodakis,* 834 F.2d 1099, 1102 (1st Cir. 1987). "Typically, that requires either a full confession to authorities or a communication by the accused to his co-conspirators that he has abandoned the enterprise and its goals." *United States v. Piper,* 298 F.3d 47, 53 (1st Cir. 2002) (citations omitted). Here, of course, Leoner-Aguirre did none of these things.

Finally, even if Leoner-Aguirre could somehow show that he affirmatively and unequivocally withdrew from the charged MS-13 conspiracy upon his April 2014 arrest, he would still be guilty of RICO conspiracy. "Far from contradicting an element of the offense, withdrawal presupposes that the defendant committed the offense. …Withdrawal terminates the defendant's liability for post-withdrawal acts of his co-conspirators, but he remains guilty of conspiracy." *Smith*, 568 U.S. at 110–11 (citations and quotations omitted) (affirming RICO conspiracy conviction where defendant argued that he could not have participated in RICO conspiracy within the five-year statute of limitations because he was in jail for the past six years; holding that RICO conspiracy continued even when the defendant went to jail). "Having joined forces to achieve collectively more evil than he could accomplish alone, [the defendant] tied his fate to that of the group." *Id.* at 114. The post-April 16, 2014 acts of co-conspirators are relevant and admissible.

## CONCLUSION

For the reasons above, the government respectfully requests that the Court DENY the motions in limine filed by Leoner-Aguire seeking to exclude evidence of racketeering acts committed by his co-conspirators after his April 16, 2014 arrest. *See* Dkt. Nos. 1495 and 1496.

          Respectfully submitted,
          WILLIAM D. WEINREB
          Acting United States Attorney

By:   /s/ Kunal Pasricha
      KUNAL PASRICHA
      GLENN A. MACKINLAY
      Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                         By:     s/ Glenn A. MacKinlay
                                  GLENN A. MACKINLAY
                                  Assistant United States Attorney

Date: October 27, 2017